UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CEDRIC L. WINTERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:19CV52 HEA |
|  | ) |  |
| JEREME GEORGE LYTLE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Cedric L. Winters for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action without prejudice.

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing only a one-month time period. ECF No. 3. However, the brief accounting does support plaintiff's statement in his motion for leave to proceed *in forma pauperis*, that he receives $7.50 per month for his prison job. ECF No. 2. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire filing fee and will therefore assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri and prosecuting attorney Jereme George Lytle, in both his individual and official capacities. On April 3, 2018, plaintiff pled guilty to third degree assault in the 34th Judicial Circuit Court in Pemiscot County, Missouri. Plaintiff asserts his claims against the defendants in one sentence on his complaint: "Mr. Jereme George Lytle failed Mr. Winters because he filed Mr. Winters with 3rd degree assault then State of Missouri harmed Mr. Winters by accepting Mr. Winters guilty plea while Mr. Winters were mentally unstable." ECF No. 1 at 3. Plaintiff claims that he has suffered financial and mental health injuries, including admittance to a "ward for psychotic mental illness" following his sentencing. *Id.* at 4. For relief, plaintiff seeks money damages and dismissal of the third degree assault charge.

**Discussion**

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see

what type of action he is seeking.  If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff is seeking both money damages and to vacate and expunge his conviction.  This appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254.[1]  The Court will not allow plaintiff to proceed under both statutes simultaneously in one action.  If he wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

As plaintiff originally filed the present action pursuant to 42 U.S.C. § 1983, the Court will presume plaintiff wishes to continue to proceed in this action under § 1983.  However, this § 1983 action is subject to dismissal under 28 U.S.C. § 1915(e)(2).

First, to the extent that plaintiff seeks a ruling that his state court sentence is invalid and he should be released, such a § 1983 claim is not cognizable here.  A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

---

[1] Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases.  *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).

Second, the complaint fails to name a suable defendant. The State of Missouri is not a "person" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). The State is also shielded by Eleventh Amendment immunity, which bars a citizen from bringing suit in federal court against a state. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Prosecuting attorney Lytle is also immune from suit. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). It is unclear from the complaint exactly what wrongdoing plaintiff alleges against prosecutor Lytle, but regardless, to the extent plaintiff can be understood to seek monetary damages against Lytle for initiating a prosecution and presenting a criminal case against plaintiff in court, such allegations fail to state a claim and are subject to dismissal.

For all the reasons stated above, this case will be dismissed both for failure to state a claim upon which relief can be granted, and for seeking monetary relief against a defendant who is immune from such relief, under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 19th day of June, 2019.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE